Cite as 2022 Ark. App. 397

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-21-301

| | |
|---|---|
| FIRST ARKANSAS BAIL BONDS, INC. | Opinion Delivered October 5, 2022 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-17-4386] |
| V. | |
| STATE OF ARKANSAS | HONORABLE BARRY ALAN SIMS, JUDGE |
| APPELLEE | |
| | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant First Arkansas Bail Bonds, Inc., appeals from an order of the Pulaski County Circuit Court forfeiting the $25,000 bond appellant put up for David Martinez when Martinez failed to appear for an omnibus hearing. Appellant argues on appeal that the circuit court erred in granting the bond-forfeiture judgment against it because it did not receive notice of a bond hearing. We affirm.

Appellant wrote a surety bond for Martinez on October 13, 2017, in the amount of $25,000 to secure his appearance on charges for aggravated robbery and theft of property. Martinez was subsequently arrested for other crimes, all of which he posted bond. The State filed a motion to revoke Martinez's bond on March 5, 2018, alleging that he had been arrested three times for new offenses. On March 7, the circuit court entered an order to

revoke bond in which it ordered that Martinez "be delivered to the custody of the Pulaski County Sheriff, and then brought forthwith before this Court to answer the State's Motion to Revoke Bond." An arrest warrant for contempt due to Martinez's failure to comply was issued the same day. The warrant indicated that "no bond" would be collected and that the bond on the charges had been "revoked." However, the warrant was subsequently recalled.

Martinez turned himself in on the bond revocation and presented to the circuit court on March 12 for plea and arraignment for two new charges. At that time, he asked for a hearing on the bond revocation and sought to be released until the hearing. The circuit court denied the request for release and set the bond-revocation hearing for March 26. At the bond hearing, following representation by Martinez's attorney that appellant had agreed to remain on all Martinez's bonds, the circuit court reinstated bond, for rehab only. The State disagreed with the circuit court's decision.

An omnibus hearing was scheduled for May 14. However, Martinez failed to appear for it. The circuit court issued an order to show cause and a summons to appellant that same day, showing a hearing date of August 13. A bench warrant was issued for Martinez's arrest on May 15. The hearing did not take place in August as anticipated because the circuit court granted several continuances.

On March 1, 2019, appellant filed a motion to be relieved of the bond because Martinez had been re-released on bond without statutory notice to appellant.[1] In the motion,

---

[1]It should be noted that although the motion listed the correct case number, the facts related to a separate case.

appellant indicated that it was required to receive statutory notice of the March bond hearing pursuant to Arkansas Code Annotated section 16-84-201(a)(1).[2] It argued that if it had "notice of the revocation of bond, per the requirement of the statute, [it] would [have] sought to be relieved and [Martinez] would have remained in custody or another bondsman would have assumed responsibility by making a new bond." Appellant further argued when a motion to revoke a bond is filed, the bondsman is required to receive notice. Appellant requested a hearing to show that "its liability should be exonerated for lack of notice to protect itself from [Martinez's] flight out of the country because [appellant] would have been relived from the bond if it had notice."

The State filed a response and objection on March 14, stating that Martinez's bond had not been revoked. The State also maintained that appellant received the statutory notice it was required to receive when Martinez failed to appear for the omnibus hearing in May 2018; therefore, appellant should not be relived of the bond. Additionally, the State asserted that since appellant had failed to apprehend and surrender Martinez to the circuit court as agreed, the bond should be forfeited.

In a January 28, 2021, bond hearing, the State argued that appellant issued two bonds in Martinez's favor after the November 2017 bond.[3] At the time of this hearing, the sole

---

[2](Supp. 2021).

[3]In case No. 60CR-18-6760, appellant issued a $15,000 bond, and in case No. 60CR-18-830, appellant issued a $4000 bond.

3

proprietor of First Arkansas Bail Bonds, Larry Norwood, had died. However, the attorney indicated that appellant would have come off the bond if it knew "he was in custody." The attorney maintained that Martinez is now in Mexico and out of reach "unless he shows up in the country voluntarily." The circuit court refrained from issuing a judgment for the State until a bond-forfeiture hearing could take place. The hearing was scheduled for February 25; however, appellant's attorney failed to show. The circuit court announced that it would "make a judgment on the pleadings in two weeks."

On March 18, the circuit court filed an order denying appellant's motion to be relieved of bond and ordered that the bond be forfeited to Pulaski County. A bond-forfeiture judgment was filed on April 5. The order indicated that appellant had undertaken to guarantee Martinez's appearance in court at all required times and that Martinez had failed to appear. It stated that appellant received statutory notice when Martinez did not show up to the hearing. The circuit court found that the $25,000 bond should be forfeited. Appellant filed a timely notice of appeal. This appeal followed.

Appellant argues on appeal that the circuit court erred in granting the bond-forfeiture judgment against it because it did not receive notice of a bond hearing. In support of its argument, it cites Arkansas Code Annotated section 16-84-116[4] (setting forth circumstances in which the court may order a defendant to be arrested and "committed to jail" after posting

---

[4](Repl. 2005).

4

bond) and *Liberty Bonding v. State*,[5] (reversing a bond forfeiture where there was no evidence that a bonding company agreed to remain on bond after sentencing). However, appellant's reliance is misplaced. Section 16-84-116 does not apply to the March hearing because Martinez had not failed to appear, the surety was not dead or insufficient, and Martinez had not been arrested for a nonbailable offense. Similarly, *Liberty* does not apply because Martinez had not been sentenced.

Appellant also makes a due-process argument for the first time on appeal. However, it is not preserved for our review because the circuit court never had an opportunity to rule on it.[6]

Affirmed.

VAUGHT and MURPHY, JJ., agree.

*Wankum Law Firm*, by: *J. Jeff Wankum*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

---

[5]270 Ark. 434, 604 S.W.2d 956 (1980).

[6]*See Hill v. Kelley*, 2022 Ark. 3 (arguments not raised below, even constitutional ones, are waived on appeal).